IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAUREEN ANN HANSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION &<br>ORDER<br><br>Case No. 2:16-cv-00753-DBP<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Maureen Hansen (Plaintiff) seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for mother's insurance benefits under Title II of the Social Security Act (Act). After careful review of the entire record, along with the parties' briefs, and arguments presented at a hearing held on March 27, 2017, the court concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED.

This court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The court may neither "reweigh the evidence [n]or substitute

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill will be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[its] judgment for the [ALJ's]." *Id.* (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

**DISCUSSION**

### I.     Background

Plaintiff applied for mother's insurance benefits in July 2012, alleging entitlement to benefits as the surviving divorced spouse of Scott H. Hansen (Certified Administrative Transcript (Tr.) 24-25). After Plaintiff's claim was denied at the initial level and on reconsideration (Tr. 26-29, 34-36), an administrative law judge (ALJ) held a hearing in March 2014 (Tr. 579-629). The ALJ subsequently issued a decision on July 23, 2014, finding that Plaintiff was not entitled to mother's insurance benefits (Tr. 12-16). The Appeals Council denied Plaintiff's request for review (Tr. 3-6), making the ALJ's July 2014 decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

### II.    Entitlement to Mother's Insurance Benefits

An individual may be entitled to mother's benefits on the earnings record of a spouse or ex-spouse who was fully or currently insured when he died. *See* 20 C.F.R. § 404.331. As relevant here, the individual must be the widow of the insured; must apply for benefits; must be unmarried; must not be entitled to widow's benefits or an old-age benefit that is equal to or larger than the insured's benefits; and must have in her care the insured's child who is entitled to child's benefits and the child is under 16 years old or is disabled. *See* 20 C.F.R. § 404.339(a)-(e). In this case, the court finds that Plaintiff fails to meets the above requirements because she did not have her children in her "care" during the relevant period.

### III. Plaintiff Fails to Establish The Children Were In Her "Care" During the Relevant Time Period.

As one requirement for receiving mother's benefits, a claimant must "have *in her care* the insured's child who is entitled to child's benefits and [the child] is under 16 years old or is disabled." 20 C.F.R. § 404.339(e) (emphasis provided). The Commissioner points out that "in care" means that the claimant must "exercise parental control and responsibility," *i.e.*, supervise the child's activities and participate in the important decisions about the child's physical and mental needs. *See* Social Security Administration Program Operations Manual System (POMS) RS 01310.001(D)(1); *see also* POMS RS 01310.010(A).[2] Parental control and responsibility may be direct in situations where a parent lives with the child, or indirect in situations where a parent gives instructions to the child's custodian and ensures those instructions are carried out. POMS RS 01310.010(B).

In this case, the court finds the ALJ reasonably concluded that Plaintiff failed to meet the in care requirement (Tr. 14-15). In making this finding, the ALJ relied on evidence showing that Plaintiff did not live with her children during the relevant period, did not have custody of her children, had a protective order issued against her in 2003 which prohibited her from removing the children from the possession of her ex-husband, and was only allowed supervised possession of the children once a week for one day (Tr. 14; *see* Tr. 94-92, 97-99). The ALJ also relied on a 2006 Texas Court Order (Texas Order), stemming from Plaintiff's divorce, which made Plaintiff the "possessory conservator" for her children (Tr. 14). The Texas Order provided Plaintiff with

---

[2] The POMS is "a set of policies issued by the [Social Security] Administration to be used in processing claims." *McNamara v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). The Court must defer to the POMS provisions unless they are arbitrary, capricious or contrary to law. *Jaramillo v. Colvin*, 576 F. App'x. 870, 875 n.3 (10th Cir. 2014) (unpublished) (citations omitted).

very limited rights, including the right to consent to medical, dental, and surgical treatment, but only "during an emergency involving an immediate danger to the health and safety of the children"; the right to direct the moral and religious training of the children; and the duty to support the children, including clothing, food, shelter, and medical and dental care not involving an invasive procedure (Tr. 155-56). The ALJ reasonably concluded that this order "significantly limited [Plaintiff's] ability to care for and interact with her children," and that she was "not able to exercise parental control and authority, as that duty was reserved for the managing conservators" (Tr. 14).

Indeed, the Texas Order explicitly provided the children's uncle and aunt, Clark and Sheila Hansen, with many "exclusive rights," including the right to designate the children's primary residence, consent to medical and dental care, make decisions concerning their education, direct their moral and religious training, as well as the duty of care, control, protection, and reasonable discipline (Tr. 154-55). The Court finds, on its face, the Texas Order establishes that Plaintiff did not "exercise parental control and responsibility," *i.e.*, supervise the children's activities and participate in the important decisions about their physical and mental needs. *See* POMS RS 01310.001(D)(1); POMS RS 01310.010(A). Plaintiff had no authority to give instructions to the custodians of the children and ensure that those instructions were carried out. *See* POMS RS 01310.010(B)(2). Instead, Clark and Shelia Hansen had the "exclusive right" to make the important decisions about the children's physical and mental needs, including their place of residence, education, and non-emergency medical and dental care (Tr. 154-55). *See* POMS RS 01310.001(D)(1); POMS RS 01310.010(A). Although Plaintiff asserts that she retained "those powers she considered essential to a mother for the children's upbringing," her claim fails to overcome the explicit grant of parental control and responsibility provided to the

**Page 4**

Hansens under the Texas Order (Pl. Br. 18).  Thus, this court finds substantial evidence supports the ALJ's finding that Plaintiff "did not have the children in her care and was strictly limited in her ability to interact with her children by the Texas District Court" (Tr. 14).

> **IV. Plaintiff Fails To Show She Filed An Application For Mother's Insurance Benefits In 2005.**

While the ALJ's decision could be affirmed on this basis alone, the parties disagree on whether Plaintiff meets the first requirement for obtaining mother's insurance benefits, i.e., whether she filed a written application for benefits prior to July 2012.  *See* 20 C.F.R. § 404.339(a)-(e).  It is well-established that a claimant must file a written application prior to any entitlement to Social Security benefits.  *See* 42 U.S.C. § 402(b)(1)(A); *see also* 20 C.F.R. § 404.310(c) (requiring an application); *Johnson v. United States*, 572 F.2d 697, 699 (9th Cir. 1978) (recognizing that the explicit language of § 402 makes filing an application a substantive condition to receiving benefits under the Act); *see also Smithback v. Sullivan*, 899 F.2d 698, 699 (7th Cir. 1990) (same); *Miller v. Comm'r. of Soc. Sec. Admin.*, 280 F. App'x. 870, 872 (11th Cir. 2008) (unpublished) (same).  Here, Plaintiff asserts that she attended a meeting at the Social Security Administration in 2005, after her ex-husband's death, and alleges that she "attempted to *claim* benefits" at that time (Pl. Br. 11) (emphasis in original).  There is, however, no record showing whether Plaintiff attended the meeting or what was discussed at the meeting. In addition, there is no evidence that Plaintiff filed an application for mother's insurance benefits in 2005.  In the absence of such evidence, Plaintiff fails to meet her burden to show that she filed an application for mother's insurance benefits in 2005.  *See* 42 U.S.C. § 402(b)(1)(A); *see also* 20 C.F.R. § 404.310(c).

In turn, Plaintiff argues for a "deemed" filing date in 2005, based upon her allegation that she was "misinformed" by the agency regarding entitlement for mother's insurance benefits (Pl. Br. 16-17). The court concludes that Plaintiff fails to meet her burden to show that she received misinformation. *See* 42 U.S.C. § 402(j)(5) ("In any case in which it is determined to the satisfaction of the Commissioner of Social Security that an individual failed . . . to apply . . . by reason of misinformation . . . ."); *see also, e.g.*, *Grubart v. Shalala*, 913 F. Supp. 243, 247 (S.D.N.Y. 1996) ("[T]he burden of proof is on the claimant to demonstrate that she received SSA misinformation that caused her to fail as of a particular date to apply for monthly insurance benefits."); *Mead v. Astrue*, No. 08-cv-00141-LTB, 2008 WL 5330595, at *3-*4 (D. Colo. Dec. 17, 2008) (unpublished) (same).

Under the Social Security regulations, a claim of misinformation must be supported by sufficient evidence, either written evidence that "relates directly" to the inquiry about benefits or other evidence, including the individual's statements. 20 C.F.R. § 404.633(d)(1)-(2). Moreover, the regulations specifically prohibit the Social Security Administration from making a finding of misinformation based solely upon an individual's statements. *Id.* at (d)(2). Here, instead of providing any "preferred evidence," Plaintiff offers only her own statements that she was provided misinformation by the agency (Pl. Br. 16-17). 20 C.F.R. § 404.633(d)(1). Thus, the court finds that Plaintiff fails to meet her burden to show that she did not file for mother's benefits in 2005 based upon misinformation given by the agency. *See Donnelly v. Colvin*, 561 F. App'x. 524, 526 (7th Cir. 2014) (unpublished) (noting that a claimant must provide objective evidence to corroborate [her] claim that the agency provided misinformation regarding his eligibility for benefits); *Plakstis-Balsamo v. Comm'r. of Soc. Sec.*, No. 13-cv-5419-DLI, 2015 WL 4600724, at *6 (E.D.N.Y. July 29, 2015) (unpublished) (holding that a claimant's "lack of

knowledge about the rules concerning the receipt of benefits is not sufficient to establish an earlier filing date.").

**CONCLUSION**

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, it is hereby AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304(1993).

DATED this 17th day of April, 2017.

_____
DUSTIN B. PEAD
United States Magistrate Judge